UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

THOMAS LOVELACE                                                                          **25 Civ.**

                       Plaintiff,                                                            **ECF Case**

        - against –                                                      **Jury Trial Demanded**

THE CITY OF NEW YORK;
Police Officers JOHN DOES #1-4 (whose identities
are unknown but who are known to be police officers
and/or supervisory personnel of the New York City
Police Department); in their
individual and official capacities,

                       Defendants,

------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1. This civil rights action is brought in response to the violent acts of police abuse against Plaintiff THOMAS LOVELACE ("Plaintiff"). Plaintiff seeks relief for the Defendants' violations of his rights as secured by the Civil Rights Act, 42 U.S.C § 1983, and his rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual defendants, without just cause or lawful authority, utilized excessive force and committed unwarranted and malicious assaults on Plaintiff, and caused the unjustifiable arrest and prosecution of Plaintiff THOMAS LOVELACE.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derives from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c), and because the claims arose and Plaintiff reside in this district.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action on each and every one of his claims.

## NOTICE OF CLAIM

6. Plaintiff timely filed Notices of Claim with the Comptroller of the City of New York, setting forth the facts underlying Plaintiff' claims against Defendant City of New York.

7. The City assigned a claim number to Plaintiff's claims, and Plaintiff was subjected to an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on April 30, 2025.

8. To date, no answer has been received by Plaintiff and no compensation has been offered by Defendant City of New York in response to this claim.

9. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

**PARTIES**

10. Plaintiff THOMAS LOVELACE is a 63-year-old Black resident of Kings County in the City and State of New York.

11. Defendant New York City Police Officer JOHN DOES #1-4 are and/or were at all times relevant herein, officers, employees, and agents of the New York City Police Department ("NYPD"), a municipal agency of the City of New York. Officer Does are being sued in their individual and official capacities.

12. At all times relevant hereto, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

14. On November 12, 2024, on Herkimer Street between Nostrand and Bedford Avenues, in Brooklyn, New York, Plaintiff Thomas Lovelace ("Mr. Lovelace") was gathered with friends and neighbors, eating and drinking on the street in a residential area. Plaintiff became embroiled in a verbal dispute with an intoxicated female companion after she failed to purchase pizza with money he had provided her. The intoxicated female companion fell to the ground. Plaintiff helped the female companion to her feet.

15. In the process of lifting her, he caused pain to his right hand from twisting or straining it.

16. As the argument between Plaintiff and his female companion continued, members of the NYPD approached Plaintiff.

17. Plaintiff's companion began to fabricate a story to the NYPD about Plaintiff to the responding police officer. Witnesses told the police, "She's lying, she's lying," as they heard her spin a tall tale of being assaulted by Plaintiff. Police arrested Plaintiff for assault, criminal obstruction of breathing, harassment, and possession of a knife and began to cuff him.

18. At this time, Plaintiff immediately told the officers that he hurt his hand picking his female companion up and asked that they take care while handcuffing him behind his back to avoid hurting his right hand any further. Plaintiff was ignored.

19. Plaintiff was ordered by members of the NYPD to enter the back of a patrol car so he could be transported to the 79th Precinct. Plaintiff pleaded with officers to cuff him in front of his body, not behind his back, so that he wouldn't risk further injury to his hand. Plaintiff was ignored again and ordered more forcefully into the car. He was forced to sit with his injured

hand cuffed behind his back, where it was vulnerable to contact with the seat back. Plaintiff was not seat-belted.

20. The patrol car drove at high speed toward the precinct. Within moments of beginning to drive, the NYPD officer driving brought the car to a sudden stop at an intersection, causing the tires to audibly squeal. Plaintiff was thrown forward and then suddenly back as the car came to a stop.

21. As he was forced by his momentum back into the car seat, and against his cuffed hand, Plaintiff heard his right hand snap under his weight and felt an immediate dart of sharp pain to his right hand. The force of the stop also caused Plaintiff to bruise his shoulder. Plaintiff called out in pain as he was thrown forward and back.

22. Plaintiff was brought into the precinct. He immediately complained again to the members of the NYPD of the pain he was under, which had been caused by the ride he had suffered. Plaintiff was transported to Interfaith Hospital for treatment at approximately 11:00 PM. Plaintiff was x-rayed and provided a splint, then was returned to the precinct sometime near 4:00 or 5:00 AM.

23. Plaintiff's x-ray from that evening shows a clear fracture to the ring (fourth) finger of his right hand. *See* Exhibit 1.

24. Plaintiff was then brought to Kings County Central Booking. He was charged under Docket CR-048171-24KN with Penal Law §121.11(a) (Criminal Obstruction of Breathing); Penal Law §265.01(2) (Criminal Possession of a Weapon); Penal Law §110-120.00(1) (Attempted Assault in the Third degree); Penal Law §240.26(1) (Harassment); Administrative Code §10-133(b) Possession of Knife/Bladed Instrument; and Penal Law

§120.00(1) (Assault in the Third degree with Intent to Cause Physical Injury), arraigned, and released on his own recognizance at approximately 11:00 PM on November 13, 2024.

25. Plaintiff attended each every court appearance in his case.

26. On February 14, 2025, all charges against Plaintiff were dismissed. *See* Exhibit 2.

27. Plaintiff was physically injured during his encounter with the police. He has lost range of motion, his finger is disfigured, he experiences paid in his finger and he is impaired from activities of daily living that he enjoyed prior to the injury.

28. Plaintiff was emotionally traumatized during his encounter with the police. He continues to experience anxiety and fear when he sees police or hears a siren, which triggers memories of the illegal use of force and arrest he suffered.

29. The assault on Mr. Lovelace by the defendant police officers was in excess of their authority as NYPD officers. This assault was made without proper cause or legal justification.

30. Defendants' conduct caused Mr. Lovelace to sustain physical pain and suffering, including psychological and emotional trauma. Their actions constituted outrageous and reckless conduct, demonstrated a callous indifference to and willful disregard of Plaintiff's federal and state protected rights.

### FIRST CLAIM FOR RELIEF
### Violation of Thomas Lovelace's Fourth Amendment and Fourteenth Amendment Rights
### False arrest and imprisonment

31. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. Defendant John Does, who were acting in concert and within the scope of their authority, arrested and caused Plaintiff THOMAS LOVELACE to be imprisoned without probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

33. Plaintiff THOMAS LOVELACE suffered injury as a result of defendant John Does' conduct.

## SECOND CLAIM FOR RELIEF
### Violation of Thomas Lovelace's Fourth Amendment Rights: Excessive use of force

34. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

35. The use of excessive force by defendant John Does, acting in concert, in knowingly forcing THOMAS LOVELACE to be transported in a manner that exacerbated an injury they were aware of, and was an objectively unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

36. Plaintiff THOMAS LOVELACE suffered injuries as a result of defendant John Does' conduct.

## THIRD CLAIM FOR RELIEF
### Assault of Thomas Lovelace

37. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

38. Defendant John Does, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff THOMAS LOVELACE in that they had the real or

apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing acts, which threatened such contact to the Plaintiff, and that such acts caused reasonable apprehension of such contact in the Plaintiff.

39. Defendant John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for the conduct of the unidentified John Doe police officers.

40. Plaintiff THOMAS LOVELACE suffered injury as a result of defendant John Does' conduct.

41. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF
### Battery of Thomas Lovelace

42. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

43. Defendant Does, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff THOMAS LOVELACE when they, in a hostile and/or offensive manner unlawfully transported THOMAS LOVELACE in the back seat of a patrol car with his hands cuffed behind his back, without his consent, and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery

44. Defendant John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

45. Plaintiff THOMAS LOVELACE suffered injury as a result of defendant John Does' conduct.

46. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF
### False Arrest and False Imprisonment of Thomas Lovelace

47. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. The acts and conduct of the defendant John Does constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff THOMAS LOVELACE and, in fact, confined Plaintiff, and Plaintiff THOMAS LOVELACE was conscious of the confinement. Moreover, Plaintiff THOMAS LOVELACE did not consent to the confinement and the confinement was not otherwise privileged.

49. Defendant John Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

50. Plaintiff THOMAS LOVELACE suffered injuries as a result of defendants' conduct.

51. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF
### Malicious Prosecution of Thomas Lovelace

52. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against Plaintiff

THOMAS LOVELACE. Defendants acted with actual malice in commencing and continuing the proceeding and there was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to Plaintiff THOMAS LOVELACE.

54. Plaintiff THOMAS LOVELACE suffered injury as a result of defendants' conduct.

55. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims. Pursuant to the Fourth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

### SEVENTH CLAIM FOR RELIEF
### Negligent Hiring, Retention, Training and Supervision

56. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57. Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendant John Does, individuals who were unfit for the performance of police duties on November 12, 2024, at the aforementioned location.

58. Plaintiff THOMAS LOVELACE suffered injuries as a result of the conduct of defendant The City of New York.

59. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### EIGHTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

60. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

61. Defendants' unlawful conduct was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

62. Defendants' conduct was intended to and did cause severe emotional distress to Plaintiff THOMAS LOVELACE.

63. The conduct of the defendant police officers was the direct and proximate cause of injury and damage to Plaintiff THOMAS LOVELACE and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

64. As a result of the foregoing, Plaintiff THOMAS LOVELACE was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damages and injured.

65. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### NINTH CLAIM FOR RELIEF
#### Negligent Infliction of Emotional Distress

66. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

67. Defendants' conduct, in assaulting and battering Plaintiff THOMAS LOVELACE, was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff THOMAS LOVELACE.

68. The acts and conduct of Defendants was the direct and proximate cause of injury and damage to Plaintiff THOMAS LOVELACE and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, Plaintiff THOMAS LOVELACE was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

70. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## **PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS ARE WARRANTED AND APPROPRIATE**

71. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72. The acts of the individual Defendants were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff' well-being, and were based on a lack of concern and ill-will towards Plaintiff.

73. As such, Plaintiff seeks punitive damages as to all defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff THOMAS LOVELACE prays relief as follows:

a. That the jury find and the Court adjudge and decree that Plaintiff THOMAS LOVELACE shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests

and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally;

   b. That the Plaintiff recovers the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

   c. That the Plaintiff has such other and further relief as the Court shall deem just and proper.

Dated:  September 13, 2025

     New York, New York

                **BRILL LEGAL GROUP, P.C.**
                *ATTORNEYS FOR PLAINTIFF*

                By: _____/s/_____
                **David Gray**
                176 Lexington Avenue, Suite O
                New York, NY 10016
                (212) 233-4141

# EXHIBIT 1



# EXHIBIT 2

Certificate #: U-000105897-N  Page 1 of 2



# KINGS CRIMINAL COURT

120 Schermerhorn St., Brooklyn, NY 11201
Phone: (646) 386-4500  Fax: (718) 643-7733

Court ORI: NY023033J

**NO FEE**
Non-Public Version

The People of the State of New York
vs.
**Thomas Lovelace**

**SEALED** pursuant to Section 160.50 of the CPL

**Certificate of Disposition**
Docket Number: CR-048171-24KN

CJTN: 70931453K
NYSID: 04571722L

Defendant DOB: **07/27/1962**   Arrest Date: **11/12/2024**   Arraignment Date: **11/13/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 121.11 A AM Crim Obstruc Breath/Aply Press **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/14/2025 |
| 2 | PL 265.01 02 AM Crim Poss Weap-4th:Int To Use **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/14/2025 |
| 3 | PL 110-120.00 01 BM Attempted Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/14/2025 |
| 4 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/14/2025 |
| 5 | AC 10-133 (b) V Possession of Knife/Instrument with a Blade of More Than Four Inches **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/14/2025 |
| 6 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 02/14/2025 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **February 21, 2025**

*(signature)*
Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal